## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NATALIE GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-869-PRW |
| | ) | |
| SHANTONU BASU, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's motion for leave to proceed in forma pauperis (IFP). Doc. 2.[1] United States District Judge Patrick R. Wyrick referred the IFP motion to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3.

### I.    Discussion.

The filing fee in civil cases is $405.00.[2] A court has discretion under 28 U.S.C. § 1915(a) in deciding whether to grant a civil litigant permission to proceed IFP. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *see also Grimes v. TCF Bank*, 769 F. App'x 659, 660 (10th Cir. 2019) (reviewing

---

[1]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[2]    The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $55.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

a district court order denying an in forma pauperis application for an abuse of discretion). "Section 1915(a) applies to all persons applying for [in forma pauperis] status, and not just to prisoners." *Lister*, 408 F.3d at 1312.

Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). To succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees. *Lister*, 408 F.3d at 1312. Factors the Court may consider in exercising its discretion include: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (internal citations omitted).

Turning to the first factor, Plaintiff's complaint is one page, in which she complains that "Defendant engaged in ex parte communication," and that she "demands $100,000" as compensation. Doc. 1, at 1.[3] The Court finds Plaintiff's action to be likely frivolous as the complaint contains no other factual allegations.

---

[3]     Plaintiff is proceeding pro se.

As to the second factor, Plaintiff is not a prisoner. So the undersigned does not find that the special concerns attendant to prisoner cases apply.

For the final factor, Plaintiff states she has $50.00 in a checking or savings account and receives $930.00 in income per month. Doc. 2, at 1-2. Her monthly expenses are $800.00, but she does not describe what those expenses are. *Id.* at 2. She states she has no debt and no dependents. *Id.* at 2.

Considering all these factors, Plaintiff has not shown a financial inability to pay the required fee. She is not a prisoner. Her complaint is likely frivolous. She is not burdened by financial obligations as her monthly expenses are not more than her monthly income. Plaintiff is able to pay both for the necessities of life and for those lawsuits that she deems important and that her allegation of poverty, without more, does not accurately characterize her situation.

"While this Court does not suggest that [Plaintiff] is wealthy or has lots of money to spend," the Court finds Plaintiff could spend her discretionary funds on filing fees if she desires. *Lewis v. Ctr. Mkt.*, 2009, WL 5217343, at *3 (D.N.M. Oct. 29, 2009), *aff'd*, 378 F. App'x 780 (10th Cir. 2010). And Plaintiff "has given [the Court] no indication" that such a determination is incorrect. *Burns v. United States,* 345 F. App'x 328, 329 (10th Cir. 2009).

## II.    Recommendations.

The undersigned recommends the Court deny Plaintiff's IFP motion. Doc. 2. The undersigned further recommends that the Court dismiss this action without prejudice to refiling if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation. *See* LCvR3.3(e).

The undersigned advises Plaintiff of her right to object to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of the Court **on or before May 13, 2026**. The Court further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 22nd day of April, 2026.

_____

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

4